# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TIFFANY S.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-21**         (Fam. Ct. Wyoming Cnty. No. FC-55-2015-D-127)

**ROBERT S.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tiffany S.[1] appeals the Family Court of Wyoming County's December 20, 2022, order which denied her motion for change of venue. Respondent Robert S. did not file a response, but did submit a letter in support of the family court's decision.[2] Tiffany S. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the parents of one child, D.S., now age eleven. On June 21, 2022, Tiffany S. filed a motion for change of venue, wherein she requested that her case be transferred from the Family Court of Wyoming County to the Family Court of Kanawha County. As support for her motion, Tiffany S. stated both she and the child have been residents of Kanawha County since June 2019, the child has been enrolled in Kanawha County schools since that time, her witnesses regarding parental fitness are in Kanawha County, driving to Wyoming County for court proceedings placed financial and emotional strain upon her, and transferring the matter to Kanawha County would not place an undue burden upon Robert S., as he has no dependents in his home. Also, on June 21, 2022,

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties had counsel for the hearing below but are self-represented for this appeal.

1

Tiffany S. filed a petition for contempt against Robert S. alleging that he had failed to comply with several directives previously ordered by the court.

A hearing on the motion and petition was held on September 14, 2022, and the court conducted it by proffer. The family court entered its order on December 20, 2022, wherein it denied Tiffany S.'s motion for change of venue, stating "[t]he proceedings were initiated in Wyoming County and the [r]espondent is still a resident of Wyoming County." As to Tiffany S.'s petition for contempt, the family court ruled in Tiffany S.'s favor for all allegations against Robert S. It is from the December 20, 2022, order that Tiffany S. now appeals. For these matters, we use the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Tiffany S. raises two assignments of error. First, Tiffany S. contends that the family court erred when it denied her motion for change of venue. We disagree. West Virginia Code § 48-5-106(a) (2001) states, "[i]f the respondent . . . is a resident of this state, the petitioner has an option to bring the action in the county in which the parties last cohabited or in the county where the respondent resides." In this matter, the parties last cohabited in Wyoming County, and respondent Robert S., still resides in Wyoming County. Therefore, the only possible venue for this matter is Wyoming County.

As her second assignment of error, Tiffany S. contends that the family court erred when it conducted the September 14, 2022, hearing by proffer. After a review of the record, we find that even if the family court erred by conducting the hearing by proffer, Tiffany S. fails to show that she suffered prejudice, as she prevailed on every issue raised in her petition for contempt. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Because Tiffany S. prevailed on every issue raised in her petition for contempt, there is no relief to be granted.[3]

---

[3] We do not endorse the practice of conducting a non-temporary hearing by proffer. Rule 20 of the Rules of Practice and Procedure for Family Court states, "With the exception

Accordingly, we affirm.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

of hearings on temporary relief, no hearing shall be conducted exclusively by the presentation of evidence by proffer."